We will begin with the first case, Mizrachi v. Wilson. Mr. Edelman. Good morning, Your Honors. May it please the Court, Counsel. Defendant Wilson Elser sent an October 11, 2018 collection letter. It overshadows the validation notice and violates 1692 G and E because it demands payment now or alternatively a payment arrangement. It threatens suit repeatedly, states you can avoid paying costs and attorney's fees resulting from a lawsuit by paying this obligation now or making a suitable payment arrangement. It states that we have been instructed to commence litigation against you. It lists the onerous consequences of a judgment and it warns in all caps that there may be no further notice or demand in writing from this office prior to the filing of suit. Under this court's Savino decision, it must contain transitional language explaining the relationship between the right to file suit and the consumer's right to request validation. Wilson Elser, in fact, admits that letters that demand immediate payment or payment in less than 30 days must contain such language but insists that this letter is not a demand for immediate payment but immediate and now are synonyms. This is a demand for immediate payment and the required. The letter in this case is significantly worse than the letter in Bartlett v. Heibel which, the Seventh Circuit case, which required payment in seven days or will sue. The fact that the Bartlett letter required payment within seven days rather than now makes this letter worse. Now is more urgent than you have seven days. That at least gives the consumer a one-week period in which to consider whether they should request validation or commence suit or be sued. Here, an immediate decision is required. Therefore, the relationship had to be explained. It was not. On the other point, I have a question about the standard enrollment contract being unsigned. As I understand it, your client denies agreeing to those terms but isn't it the case that both parties presumably have access to a copy of the actual signed agreement, whatever the terms might be, under which your client's children attended the school? So, I'm having a little trouble understanding why we're being asked to speculate as to what the agreement provided when it seems that either side could have produced a verifiable copy. The plaintiff contends that there is no written agreement. He came to the school. He stated that he was able to pay $3,900. The school agreed. He handed over the $3,900. He paid the agreed amount in full, right up front, as his children attended for the rest of the year. If payment is made immediately, there is no need for a contract to specify how payments are going to be made or what remedies the school has if any amount that it remains to be paid isn't paid. Absolutely no need for it. Under this court's authorities in DeFalco and Chambers, consideration of documents outside the complaint is improper in a motion to dismiss unless they are referred to in or integral to the complaint. There is no dispute as to their genuineness or completeness or authenticity and determination of their effect doesn't require resolution of factual issues. None of those three requirements is met here. We say in the complaint there is no writing authorizing attorney's fees. There's a dispute as to what this paper is. It has a date in the upper right-hand corner after the filing of suit. Nobody says this document was ever agreed to in any manner at all. It says that it's to be accepted by signature. There is no signature. It says that the means of payment is to be filled in. It's not done. There's no reason to believe there is any writing at all. Most businesses that have contracts that entitle them to more than $20,000 keep assigned copies, Your Honor, indicated. Nothing of the sort here. Finally, whether this was ever agreed to, seen by the plaintiff, or presented to the plaintiff are contested factual issues. So reference to this document was inappropriate and under the American rule, reference to attorney's fees in a collection letter is proper only if there is a statute authorizing them, which there isn't, or there is an agreement providing for attorney's fees. There is no such agreement here, and the statement in the letter isn't conditional on if you signed a contract for attorney's fees, you may be held liable for them. It just says you may recover attorney's fees. This also contributes to the urgent and part of the overshadowing violation. You either pay now, we can sue you at any time, hold you liable for attorney's fees, so it's not a costless decision. So either pay now or enter into an agreement, a payment arrangement, which we find suitable. They had to explain the relationship as required in Barcliffe and Savino, they did not do so. Unless your honors have some further questions, that concludes my remarks. I'll ask my colleagues, Judge Bianco or Judge Newman, do you have any further questions? Yes, Judge Katzman, I have a couple questions. I just want to follow up, Mr. Adaman, on what Judge Katzman asked you, because in paragraph 16 of your complaint, in paragraph 17, you do say there's no writing authorizing attorney's fees, but in 16 you say plaintiff contracted for a nominal list price and paid it, but what you're saying is that, you know, you were contracted there, there was no written agreement that you were referring to some type of oral agreement, is that what you're saying? That is correct. Here are my children, here's $3,900. All right, and on your first claim, the overshadowing claim, you know, the case law makes a distinction about demanding immediate payment or requesting payment, so just because it says, has the word now, doesn't necessarily mean that, you know, it's a demand. It could be, if you say you can avoid by paying now, I'm not sure that I agree with you that this is a necessary demand, but I thought your overshadowing claim was related to the lack of transitional language with regard to, if you do dispute the debt, that the collection efforts will be suspended until the debt is validated. I thought that was the core of your overshadowing. In Savino, we said you have to have transitional language explaining that the collection efforts will be suspended for the 30-day period, is that what you're... That is correct, Your Honor, and while certain usages of now might not be threatening and demand immediate payment, this letter does so. It repeatedly threatens suit, it has onerous consequences, attorney's fees, judgment, and is it paying this obligation now or making a suitable payment arrangement? All right, and then on your other claim, the last question I have is the validation period and when it begins, you say there's ambiguity in when it begins, but in the second paragraph of the letter, it says if you notify me in writing within 30 days of receiving this letter, so... That's in the third one. So that does not clarify that... I know, but that clarifies when it starts, right? Within 30 days of receiving this letter, it's pretty clear, right? If the consumer reads the letter carefully, yes. However, it is a very threatening letter and it directs your attention to the possibility of suit and that there may be no further notice or demand prior to the filing of suit. I think it contributes somewhat to the overshadowing claim. All right. All right, thank you. Thank you, we have a question here from Mr. Flannery. Mr. Flannery? Sorry, Your Honor. Apparently, I hit the mute button twice. I apologize. So, may it please the court, with me this morning is Eliza Scheibel from my office who was also on the brief. The lower court correctly found that the complaint failed to state an FDCPA violation under either Section 1692G or 1692E and appropriately dismissed the case. When read as a whole, the Wilson-Elser letter of October 11, 2018, to the plaintiffs was neither confusing nor did it overshadow the validation requirements of 1692G. Merely presenting the debtor with the option of payment in addition to the option to dispute or validate the FDCPA. The letter contains no threat and no language that the firm intended to take legal action within the 30-day validation period. In fact, it specifically says, unless you contact this office within 30 days to dispute the validity of this debt, I will assume the debt is valid, which indicates no further action would be taken during that 30-day period. It then goes on to specifically say that the validation period runs from 30 days from receipt of the letter. And the plaintiff concedes in their brief that this section of the validation is appropriately recited and there is no issue with it. When read as a whole, the letter provided the plaintiff with three options. Pay the debt now, pay the debt at some point in the future under a payment plan, or validate or contest the debt within 30 days of receiving the letter. These three options are neither confusing nor contradictory. When read together, they do not amount to an FDCPA violation and they are consistent with this court's precedent in Jacobson and the lower court appropriately dismissed this claim. Turning now to the claim under 1692E, there is nothing misleading in the statement in the letter that says you may be responsible for paying the attorney's fees incurred in prosecuting a case against you. The issue that the plaintiff brings up, and I would note that in the lower court, the plaintiff did not dispute the contract, only the amount that was due under the contract. The allegation now that the contract is not valid is raised for the first time on appeal. The plaintiff simply said that the contract was contrary to the allegation in the complaint and that he had contracted for a lesser amount. And I, this is Judge Katzmann, I have a few questions if I might ask. Aren't we under our precedent supposed to view this from the perspective of the least sophisticated consumer? Yes, Your Honor, we agree to that. Now, you can help me is really with the use of the word now. The letter cautioned Ms. Rotchie that he could, and I quote, avoid paying the costs and attorney's fees resulting from a lawsuit by paying this obligation now or making a suitable payment arrangement. And the letter further says, and in caps, there may be no further notice or demand in writing from this office prior to the filing of suit. So, judge, from the perspective of the least sophisticated consumer, and perhaps even those who have, who are more than unsophisticated, would understand this to the deadline schedule, he would risk a lawsuit. And the letter contains no information whatsoever explaining that a demand for verification would pause the collection. So, under our precedence, why isn't it that the least sophisticated consumer would be left uncertain whether she had to, or he had to pay the dispute, to dispute the debt and withhold payment while disputing it? Use of the word now is what causes me the most problems. Right, I think one of the caps, there is a sentence that says unless you contact this office within 30 days to dispute the validity of the debt, I will assume the debt is valid and you do not intend to resolve the matter voluntarily. That implicitly is a statement that no action will be taken within that 30-day period, number one. And number two, I think you have to go back to the concept that this court has stated before, that you have to read the letter in its entirety. That one can't pick and choose sentences and pull them out and suggest that they're confusing or contradictory. When the letter is read as a whole, you know, the next sentence after the one you cited in caps says if you notify me in writing within 30 days of receiving the letter that you dispute the validity of the debt, you know, I will obtain and send you written documentation evidencing the debt. So I think the letter has to be read in its entirety and when it is done so, I think the lower court was correct that there is no overshadowing and no confusion even to, you know, the least sophisticated consumer. Okay. Let me ask you another question and similar to the one that I asked your adversary. Now, if you had produced a signed contract that said that Ms. Rachi had to pay attorney's fees, then presumably that would clearly support dismissal on the fees claim. But you didn't. You just offered, and correct me if I'm wrong, you just Ms. Rachi denies agreeing to. So how can we rely on that to dismiss the complaint at the pleading stage? Because I think the issue is, you know, not whether the Ms. Rachi children paid the tuition amount reflected in the contract, but in the fact that the contract calls for the ability to collect attorney's fees in an action where to collect on the debt. The plaintiff concedes that if the contract is valid, then they may be liable for attorney's fees. So I think the issue becomes to require something else would necessitate us litigating the validity of the attorney's fees claim in order to prove that the letter was reasonable and not misleading. And I don't think that's what the FDCPA requires. It is not misleading to say that fees may be owed, and the key word there is may, when it is possible that they would be owed. And the plaintiff in this instance concedes that it is possible that they would be owed. Thank you. That concludes my questioning. Judges, Judge Bianco or Judge Newman? Yes, thank you, Judge Katzmann. Let me just ask you, Mr. Flannery, just going back to Judge Katzmann's question about the overshadowing issue. In Savino, we gave the transitional language that collectors should use. We proposed language, and in that language, it makes clear that collection efforts will be suspended if you do dispute the debt during the 30-day period. Our demand for immediate payment does not eliminate your right to dispute this debt within 30 days of receipt of this notice. If you choose to do so, we are required by law to cease our collection efforts until we have mailed that information to you. So there's no language of that type that talks about the suspension that any activity, a lawsuit, or any effort to collect will be suspended during that 30-day period. And my issue is that when you do ask for collection now, and you do have bold about there'll be no further notice before the final suit, you're saying the least sophisticated suit would somehow understand that nothing's going to happen during that 30-day period, and I'm not sure where they would get that from. I think you get that from the language prior to the all-caps language that was cited, which is, unless you contact this office within 30 days to dispute the validity of the debt, I will assume the debt is valid, and you do not intend to resolve the matter voluntarily. I think the language that's used in this letter... Wouldn't that just mean you're trying to settle the matter during that 30-day period? It doesn't say anything about holding lawsuit, right? You could still try to resolve the matter voluntarily, but still file a lawsuit at the same time, right? We're talking about the least sophisticated consumer here. I understand your argument, but that's far from the clear language that we've proposed in Savino. That's my point. Right, but your honor, it's consistent with the language that this court approved in Jacobson. In Jacobson, the court approved you know, simply two alternatives. Here, there's three alternatives. There's you can pay it, you can work out a payment arrangement, or you can contest or request validity of the debt. In Jacobson, this court approved two of those options, so I think this letter is consistent with the court's prior precedent. All right, on the attorney's fees issue, let me just make sure we're all on the same page here. You would agree that before we get to the contract issue, you would agree that if in fact there was no basis on the contractual language to obtain attorney's fees, that would be a violation to put in a letter that we may seek attorney's fees. You agree that that would be problematic under our case law, correct? I agree that the standard would be if there was no possible basis to recover attorney's fees, that it would be inappropriate and FDCPA violation to state that they may be recovered. And here, the only possibility would be if it was in the contract because there's no legal basis. It would be simply if it was part of the contract, right? Yes, if it was part of the agreement between the parties, that's correct. So here, just going back again to what Judge Katz was asking about here, they clearly say in paragraph 17 that their contract, whether it be oral and writing, they're saying it's oral, there was no attorney's fees provision in the contract. This is a motion to dismiss. You've attached an unsigned form contract that they're saying they didn't enter. So our case law is clear. They're disputing the validity of the underlying contract or the authenticity of it, the accuracy of it, whatever, that on a motion to dismiss, we can't take your version of the contract. But Your Honor, if you back up to paragraph 16 of the complaint, they say they contracted for a lower amount than the nominal list price. Where nominal list price comes from is a separate issue. But they referred in paragraph 16 to a contract. But not the contract you attached. They're saying that that's not the contract they agreed to. In fact, the contract you attest is dated June 5th of 2019, which is eight months after the collection letter. So that's clearly not the contract that they signed. You're just saying this is our form contract, right? It's our position that was the contract, even though the printed date is shown in the upper right corner, which is subsequent to the letter. Where is the signed contract? To our knowledge, it's either in the Mizrahi's possession or a signed version does not exist. Our client does not have it. Do you have any case where a party is disputing the contract that you're saying is a contract that is the basis for the claim? They're disputing it at a motion to dismiss, where we have decided it on a motion to dismiss. Any case? Well, Your Honor, I think the contract here, again, the allegations that are raised on the argument you've just heard is being raised for the first time. The first time there's ever an allegation that this was an oral contract and not a written contract was this morning when Mr. Edelman said it. It doesn't matter. Even if they were saying it was a written contract, they're still saying it's not the contract that you're attaching. You said they didn't raise this below, but on page 12 of their opposition to your motion, they say the complaint flatly alleges that there is no attorney's fees and they cite their complaint. So they clearly raised this issue. They're saying our contract, whether it's oral, writing, it doesn't matter. They're just saying it doesn't have the provision that you're saying. That's my point. And I think our point goes back to the standard as to whether this is a misleading statement is whether there is no possibility for the issue to come to pass. Clearly, given this form contract, it is possible to recover attorney's fees. So therefore, the statement in the letter is not misleading. It would be consistent with that. And that's what the court's prior precedents are, is that there has to be essentially an impossibility of recovery. And the plaintiff here conceived that page 34 of their brief, that in the event that this contract is determined to be valid, they would owe the attorney's fees. So clearly what the statement in the letter can't be deemed to be misleading. All right. Thank you. Thank you, Judge Katzmann. Thank you. If there are no further questions of Mr. Flannery, we will return to Mr. Edelman for three minutes of rebuttal. Your honors, with respect to the overshadowing issue, in any overshadowing case, the prescribed language is likely to be present in the letter. In addition, the letter demands action either now or within 30 days. Under the decisions, if the letter demands payment in less than 30 days or threatens suit in less than 30 days, the transitional language is required. This letter demands payment now and threatens suit at any time. With respect to the letter, if a collection lawyer is supposed to look at the file, the documents, before sending a collection letter, if you see an unsigned contract that may or may not have been agreed to in some way, the way you can refer to attorney's fees without committing a violation is by saying, if you are found to have signed a contract providing for attorney's fees, you may be held liable for them. Simply have the statement, the court may award attorney's fees against you, and the basis for that is, to say the least, absent. Unless your honors have some further questions, that concludes my remarks. Thank you very much. Thanks to both parties, and the court will reserve decision.